**BUTLER, SNOW,
O'MARA, STEVENS
& CANNADA, PLLC**

ATTORNEYS AT LAW

WILLIAM M. GAGE
(601) 985-4561

POST OFFICE BOX 22567
JACKSON, MISSISSIPPI 39225-2567

AMSOUTH PLAZA
17TH FLOOR
210 EAST CAPITOL STREET
JACKSON, MISSISSIPPI 39201

TELEPHONE: (601) 948-5711
FACSIMILE: (601) 985-4500

E-Mail: william.gage@butlersnow.com
www.butlersnow.com

January 21, 2003

**VIA FACSIMILE 420-0033**

Gray Laird
Page Kruger & Holland
775 Woodlands Parkway, Suite 100
Post Office Box 1163
Jackson, MS 39215

Re: Harmon v. Wyeth
Robbins v. Wyeth
Binion v. Wyeth
Chandler v. Wyeth
Mosley v. Wyeth
Stallings v. Wyeth
Sanders v. Wyeth

Dear Gray:

You and your co-counsel were going to meet last week to discuss your diet drug cases, the issues raised in Bob Rosenbaum's letter of June 25, 2002, and the other procedural issues you and I have been discussing. You had agreed to contact me following your meeting so that we may discuss a possible resolution of those issues.

Please give me a call at your earliest convenience so we can discuss these matters. We may want to arrange a meeting face to face.

Very truly yours,

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC

William M. Gage

WMG:sf

03/13/2003 10:01 FAX 6019854500         BUTLER SNOW ATTYS.                    ☒005

# BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
### ATTORNEYS AT LAW

WILLIAM M. GAGE
(601) 985-4561

POST OFFICE BOX 22567
JACKSON, MISSISSIPPI 39225-2567

AMSOUTH PLAZA
17TH FLOOR
210 EAST CAPITOL STREET
JACKSON, MISSISSIPPI 39201

TELEPHONE: (601) 948-5711
FACSIMILE: (601) 985-4500

E-Mail: william.gage@butlersnow.com
www.butlersnow.com

February 5, 2003

**VIA FACSIMILE**

Gray Laird
Page Kruger & Holland
775 Woodlands Parkway, Suite 100
Post Office Box 1163
Jackson, MS 39215

Re: Janice Binion, et al. v. vs. Wyeth, et al.
Lillian Chandler, et al. vs. Wyeth, et al.
Patricia Mosley, et al. v. Wyeth, et al.
Brenda Stallings, et al. v. Wyeth, et al.
Mary F. Sanders, et al. v. Wyeth, et al.
Harmon, et al. v. Wyeth, et al.
Robbins, et al. v. Wyeth, et al.

Dear Gray:

Thank you for your voice mail message of January 28 wherein you advised that you and Wil Colom have yet to meet to discuss the issues contained in Bob Rosenbaum's letter of June 25, 2002, (along with the personal jurisdiction issues you and I have discussed). As you know, Wyeth believes there a number of procedural and substantive problems with the diet drug complaints filed by your and Wil's firms and we want to make every effort to work those problems out before filing motions in the MDL. Based on your voice mail of January 28, it is my understanding you will be meeting with Wil in the next two weeks to discuss these issues. I look forward to hearing from you immediately following that meeting so we can discuss the various issues and begin work on agreed orders to cure the problems.

Apart from the problems we have already brought to your attention, two additional significant matters need to be included in your discussions with Wil. First, despite our repeated requests, we still have not received the vast majority (i.e., at least 75%) of the videotapes of the echos interpreted by your experts (primarily Dr. Razzak Tai) which purportedly qualify the plaintiffs as eligible to exercise opt out rights. Those videotapes are critical to our defense, and we need them immediately.

JACKSON, MISSISSIPPI    GULFPORT, MISSISSIPPI    MEMPHIS, TENNESSEE    WASHINGTON, D.C.

03/13/2003 10:01 FAX 6019854500        BUTLER SNOW ATTYS.                    ☒006

Gray Laird
February 5, 2003
Page 3

Second, based on the echo reports prepared by your experts (which we have on approximately 90% of the plaintiffs), perhaps as many as 80% to 90% of those reports do not reveal levels of regurgitation necessary to allow the plaintiff to exercise opt out rights. Obviously, the claims of any plaintiff who in the opinion of his/her own expert does not meet the eligibility requirements must be dismissed with prejudice.

In order to allow plaintiffs additional time to produce the echo tapes which have not been produced, and to allow us additional time to work out these threshold issues, I suggest we agree in all seven of your cases to stay all discovery, except for the continuing production of medical records and echoes, through April 30, 2003. Please discuss this stay with Wil and let me know if you are agreeable.

I look forward to hearing from you.

Very truly yours,

BUTLER SNOW O'MARA STEVENS &
CANNADA, PLLC

William M Gage

WMG:pr
Enclosure
cc:   All Counsel of Record (Via U.S. Mail)

# ARNOLD & PORTER

Anne M. Package
Anne_Package@aporter.com
202.942.6529
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

March 4, 2003

Thomas Y. Page, Esq.
H. Gray Laird, III
Page, Kruger & Holland, P.A.
Post Office Box 1163
Jackson, MS 39215-1163

Wilbur O. Colom, Esq.
The Colom Law Firm
Post Office Box 866
Columbus, MS 39703-0866

Re: *Janice Binion v. WPI, et al.*

Dear Counsel:

On behalf of Wyeth, formerly known as American Home Products Corporation, I am writing to address the status of plaintiff(s) in the above-referenced case, with respect to the terms of the Nationwide Class Action Settlement with American Home Products Corporation (the "Settlement"), approved by the United States District Court for the Eastern District of Pennsylvania in *In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Products Liability Litigation (Sheila Brown et al. v. American Home Products Corporation)*, MDL Docket No. 1203, Civ. No. 99-20593.

A person who has Primary Pulmonary Hypertension ("PPH") may assert claims against Wyeth based upon that condition, but only persons with PPH as specifically defined in the Nationwide Class Action Settlement Agreement (the "Settlement Agreement") are eligible for this PPH exclusion. *See* Settlement Agreement § I.46. Your Complaint and other submissions thus far in this case indicate that at least some of the plaintiffs in this case may be alleging PPH consistent with the definition of PPH found in the Settlement Agreement.

The Settlement Agreement definition of PPH requires specific findings and medical records demonstrating by particular results that certain medical conditions have been excluded. *Id.* at § I.46.a(1) and (2). Further, the Settlement Agreement definition of PPH requires that a Board-Certified Cardiologist or Board-Certified Pulmonologist have ruled out alternative conditions known to cause PPH. *Id.* at § I.46.a(3).

Washington, DC    New York    Los Angeles    Century City    Denver    London    Northern Virginia

# ARNOLD & PORTER

Thomas Y. Page, Esq.
Wilbur O. Colom, Esq.
March 4, 2003
Page 2

Pursuant to PTO 2383, the MDL Court has ordered that class members, such as these plaintiffs, who are filing suits allegedly based upon PPH, are required:

> upon written request of Wyeth ... to provide Wyeth ... with all medical evidence, including medical records and tests, that relate to a diagnosis that the Class Member has PPH as defined by the criteria set forth in Sections I.46 and I.53 of the Settlement Agreement. Such medical evidence shall be disclosed within thirty (30) days of a written request and must be accompanied by a certification stating that the information being produced to the requesting party is a *complete set of medical evidence upon which the Class Member is relying to establish PPH* as defined by Sections I.46 and I.53 of the Settlement Agreement.

*See* PTO 2383, ¶ 2 (emphasis added) (a copy of PTO 2383 is attached for your information).

Accordingly, within thirty (30) days of this letter, please submit the required medical evidence and accompanying certification with respect to any plaintiff in this case who is alleging PPH to this office. If such evidence and certification is not forthcoming, and in fact PPH in accordance with the Settlement definition is not being alleged, we would ask that you agree to the stipulation attached hereto.

Sincerely,

Anne M. Package

Enclosures

# ARNOLD & PORTER

Anne M. Package
Anne_Package@aporter.com

202.942.6529
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

March 4, 2003

Thomas Y. Page, Esq.
H. Gray Laird, III
Page, Kruger & Holland, P.A.
Post Office Box 1163
Jackson, MS 39215-1163

Wilbur O. Colom, Esq.
The Colom Law Firm
Post Office Box 866
Columbus, MS 39703-0866

Re: *Brenda Stallings v. WPI, et al.*

Dear Counsel:

On behalf of Wyeth, formerly known as American Home Products Corporation, I am writing to address the status of plaintiff(s) in the above-referenced case, with respect to the terms of the Nationwide Class Action Settlement with American Home Products Corporation (the "Settlement"), approved by the United States District Court for the Eastern District of Pennsylvania in *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation (Sheila Brown et al. v. American Home Products Corporation)*, MDL Docket No. 1203, Civ. No. 99-20593.

A person who has Primary Pulmonary Hypertension ("PPH") may assert claims against Wyeth based upon that condition, but only persons with PPH as specifically defined in the Nationwide Class Action Settlement Agreement (the "Settlement Agreement") are eligible for this PPH exclusion. *See* Settlement Agreement § I.46. Your Complaint and other submissions thus far in this case indicate that at least some of the plaintiffs in this case may be alleging PPH consistent with the definition of PPH found in the Settlement Agreement.

The Settlement Agreement definition of PPH requires specific findings and medical records demonstrating by particular results that certain medical conditions have been excluded. *Id.* at § I.46.a(1) and (2). Further, the Settlement Agreement definition of PPH requires that a Board-Certified Cardiologist or Board-Certified Pulmonologist have ruled out alternative conditions known to cause PPH. *Id.* at § I.46.a(3).

# ARNOLD & PORTER

Thomas Y. Page, Esq.
Wilbur O. Colom, Esq.
March 4, 2003
Page 2

Pursuant to PTO 2383, the MDL Court has ordered that class members, such as these plaintiffs, who are filing suits allegedly based upon PPH, are required:

> upon written request of Wyeth ... to provide Wyeth ... with all medical evidence, including medical records and tests, that relate to a diagnosis that the Class Member has PPH as defined by the criteria set forth in Sections L46 and L53 of the Settlement Agreement. Such medical evidence shall be disclosed within thirty (30) days of a written request and must be accompanied by a certification stating that the information being produced to the requesting party is a *complete set of medical evidence upon which the Class Member is relying to establish PPH* as defined by Sections L46 and L53 of the Settlement Agreement.

See PTO 2383, ¶ 2 (emphasis added) (a copy of PTO 2383 is attached for your information).

Accordingly, within thirty (30) days of this letter, please submit the required medical evidence and accompanying certification with respect to any plaintiff in this case who is alleging PPH to this office. If such evidence and certification is not forthcoming, and in fact PPH in accordance with the Settlement definition is not being alleged, we would ask that you agree to the stipulation attached hereto.

Sincerely,

Anne M. Package

Enclosures

# ARNOLD & PORTER

Anne M. Package
Anne_Package@aporter.com

202.942.6529
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

March 4, 2003

Thomas Y. Page, Esq.
H. Gray Laird, III
Page, Kruger & Holland, P.A.
Post Office Box 1163
Jackson, MS 39215-1163

Wilbur O. Colom, Esq.
The Colom Law Firm
Post Office Box 866
Columbus, MS 39703-0866

Re:  *Mary F. Sanders v. WPI, et al.*

Dear Counsel:

On behalf of Wyeth, formerly known as American Home Products Corporation, I am writing to address the status of plaintiff(s) in the above-referenced case, with respect to the terms of the Nationwide Class Action Settlement with American Home Products Corporation (the "Settlement"), approved by the United States District Court for the Eastern District of Pennsylvania in *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation (Sheila Brown et al. v. American Home Products Corporation)*, MDL Docket No. 1203, Civ. No. 99-20593.

A person who has Primary Pulmonary Hypertension ("PPH") may assert claims against Wyeth based upon that condition, but only persons with PPH as specifically defined in the Nationwide Class Action Settlement Agreement (the "Settlement Agreement") are eligible for this PPH exclusion. *See* Settlement Agreement § I.46. Your Complaint and other submissions thus far in this case indicate that at least some of the plaintiffs in this case may be alleging PPH consistent with the definition of PPH found in the Settlement Agreement.

The Settlement Agreement definition of PPH requires specific findings and medical records demonstrating by particular results that certain medical conditions have been excluded. *Id.* at § I.46.a(1) and (2). Further, the Settlement Agreement definition of PPH requires that a Board-Certified Cardiologist or Board-Certified Pulmonologist have ruled out alternative conditions known to cause PPH. *Id.* at § I.46.a(3).

Washington, DC    New York    Los Angeles    Century City    Denver    London    Northern Virginia

# ARNOLD & PORTER

Thomas Y. Page, Esq.
Wilbur O. Colom, Esq.
March 4, 2003
Page 2

Pursuant to PTO 2383, the MDL Court has ordered that class members, such as these plaintiffs, who are filing suits allegedly based upon PPH, are required:

> upon written request of Wyeth ... to provide Wyeth ... with all medical evidence, including medical records and tests, that relate to a diagnosis that the Class Member has PPH as defined by the criteria set forth in Sections I.46 and I.53 of the Settlement Agreement. Such medical evidence shall be disclosed within thirty (30) days of a written request and must be accompanied by a certification stating that the information being produced to the requesting party is a *complete set of medical evidence upon which the Class Member is relying to establish PPH* as defined by Sections I.46 and I.53 of the Settlement Agreement.

See PTO 2383, ¶ 2 (emphasis added) (a copy of PTO 2383 is attached for your information).

Accordingly, within thirty (30) days of this letter, please submit the required medical evidence and accompanying certification with respect to any plaintiff in this case who is alleging PPH to this office. If such evidence and certification is not forthcoming, and in fact PPH in accordance with the Settlement definition is not being alleged, we would ask that you agree to the stipulation attached hereto.

Sincerely,

Anne M. Package

Enclosures

# ARNOLD & PORTER

Anne M. Package
Anne_Package@aporter.com

202.942.6529
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

March 4, 2003

Thomas Y. Page, Esq.
H. Gray Laird, III
Page, Kruger & Holland, P.A.
Post Office Box 1163
Jackson, MS 39215-1163

Wilbur O. Colom, Esq.
The Colom Law Firm
Post Office Box 866
Columbus, MS 39703-0866

Re: *Patricia Mosley v. WPI, et al.*

Dear Counsel:

On behalf of Wyeth, formerly known as American Home Products Corporation, I am writing to address the status of plaintiff(s) in the above-referenced case, with respect to the terms of the Nationwide Class Action Settlement with American Home Products Corporation (the "Settlement"), approved by the United States District Court for the Eastern District of Pennsylvania in *In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Products Liability Litigation (Sheila Brown et al. v. American Home Products Corporation)*, MDL Docket No. 1203, Civ. No. 99-20593.

A person who has Primary Pulmonary Hypertension ("PPH") may assert claims against Wyeth based upon that condition, but only persons with PPH as specifically defined in the Nationwide Class Action Settlement Agreement (the "Settlement Agreement") are eligible for this PPH exclusion. *See* Settlement Agreement § I.46. Your Complaint and other submissions thus far in this case indicate that at least some of the plaintiffs in this case may be alleging PPH consistent with the definition of PPH found in the Settlement Agreement.

The Settlement Agreement definition of PPH requires specific findings and medical records demonstrating by particular results that certain medical conditions have been excluded. *Id.* at § I.46.a(1) and (2). Further, the Settlement Agreement definition of PPH requires that a Board-Certified Cardiologist or Board-Certified Pulmonologist have ruled out alternative conditions known to cause PPH. *Id.* at § I.46.a(3).

# ARNOLD & PORTER

Thomas Y. Page, Esq.
Wilbur O. Colom, Esq.
March 4, 2003
Page 2

Pursuant to PTO 2383, the MDL Court has ordered that class members, such as these plaintiffs, who are filing suits allegedly based upon PPH, are required:

> upon written request of Wyeth . . . to provide Wyeth . . . with all medical evidence, including medical records and tests, that relate to a diagnosis that the Class Member has PPH as defined by the criteria set forth in Sections I.46 and I.53 of the Settlement Agreement. Such medical evidence shall be disclosed within thirty (30) days of a written request and must be accompanied by a certification stating that the *information* being produced to the requesting party is a *complete set of medical evidence upon which the Class Member is relying to establish PPH* as defined by Sections I.46 and I.53 of the Settlement Agreement.

See PTO 2383, ¶ 2 (emphasis added) (a copy of PTO 2383 is attached for your information).

Accordingly, within thirty (30) days of this letter, please submit the required medical evidence and accompanying certification with respect to any plaintiff in this case who is alleging PPH to this office. If such evidence and certification is not forthcoming, and in fact PPH in accordance with the Settlement definition is not being alleged, we would ask that you agree to the stipulation attached hereto.

Sincerely,

Anne M. Package

Enclosures

# ARNOLD & PORTER

Anne M. Package
Anne_Package@aporter.com

202.942.6529
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

March 4, 2003

Thomas Y. Page, Esq.
H. Gray Laird, III
Page, Kruger & Holland, P.A.
Post Office Box 1163
Jackson, MS 39215-1163

Wilbur O. Colom, Esq.
The Colom Law Firm
Post Office Box 866
Columbus, MS 39703-0866

Re: *Lillian Chandler v. WPI, et al.*

Dear Counsel:

On behalf of Wyeth, formerly known as American Home Products Corporation, I am writing to address the status of plaintiff(s) in the above-referenced case, with respect to the terms of the Nationwide Class Action Settlement with American Home Products Corporation (the "Settlement"), approved by the United States District Court for the Eastern District of Pennsylvania in *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation (Sheila Brown et al. v. American Home Products Corporation)*, MDL Docket No. 1203, Civ. No. 99-20593.

A person who has Primary Pulmonary Hypertension ("PPH") may assert claims against Wyeth based upon that condition, but only persons with PPH as specifically defined in the Nationwide Class Action Settlement Agreement (the "Settlement Agreement") are eligible for this PPH exclusion. *See* Settlement Agreement § I.46. Your Complaint and other submissions thus far in this case indicate that at least some of the plaintiffs in this case may be alleging PPH consistent with the definition of PPH found in the Settlement Agreement.

The Settlement Agreement definition of PPH requires specific findings and medical records demonstrating by particular results that certain medical conditions have been excluded. *Id.* at § I.46.a(1) and (2). Further, the Settlement Agreement definition of PPH requires that a Board-Certified Cardiologist or Board-Certified Pulmonologist have ruled out alternative conditions known to cause PPH. *Id.* at § I.46.a(3).

Washington, DC   New York   Los Angeles   Century City   Denver   London   Northern Virginia

# ARNOLD & PORTER

Thomas Y. Page, Esq.
Wilbur O. Colom, Esq.
March 4, 2003
Page 2

Pursuant to PTO 2383, the MDL Court has ordered that class members, such as these plaintiffs, who are filing suits allegedly based upon PPH, are required:

> upon written request of Wyeth ... to provide Wyeth ... with all medical evidence, including medical records and tests, that relate to a diagnosis that the Class Member has PPH as defined by the criteria set forth in Sections I.46 and I.53 of the Settlement Agreement. Such medical evidence shall be disclosed within thirty (30) days of a written request and must be accompanied by a certification stating that the information being produced to the requesting party is a *complete set of medical evidence upon which the Class Member is relying to establish PPH* as defined by Sections I.46 and I.53 of the Settlement Agreement.

See PTO 2383, ¶ 2 (emphasis added) (a copy of PTO 2383 is attached for your information).

Accordingly, within thirty (30) days of this letter, please submit the required medical evidence and accompanying certification with respect to any plaintiff in this case who is alleging PPH to this office. If such evidence and certification is not forthcoming, and in fact PPH in accordance with the Settlement definition is not being alleged, we would ask that you agree to the stipulation attached hereto.

Sincerely,

Anne M. Package

Enclosures

# ARNOLD & PORTER

Anne M. Package
Anne_Package@aporter.com

202.942.6529
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

March 4, 2003

Thomas Y. Page, Esq.
H. Gray Laird, III
Page, Kruger & Holland, P.A.
Post Office Box 1163
Jackson, MS 39215-1163

Wilbur O. Colom, Esq.
The Colom Law Firm
Post Office Box 866
Columbus, MS 39703-0866

Re:   *Duwanda Robbins v. WPI, et al.*

Dear Counsel:

On behalf of Wyeth, formerly known as American Home Products Corporation, I am writing to address the status of plaintiff(s) in the above-referenced case, with respect to the terms of the Nationwide Class Action Settlement with American Home Products Corporation (the "Settlement"), approved by the United States District Court for the Eastern District of Pennsylvania in *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation (Sheila Brown et al. v. American Home Products Corporation)*, MDL Docket No. 1203, Civ. No. 99-20593.

A person who has Primary Pulmonary Hypertension ("PPH") may assert claims against Wyeth based upon that condition, but only persons with PPH as specifically defined in the Nationwide Class Action Settlement Agreement (the "Settlement Agreement") are eligible for this PPH exclusion. *See* Settlement Agreement § I.46. Your Complaint and other submissions thus far in this case indicate that at least some of the plaintiffs in this case may be alleging PPH consistent with the definition of PPH found in the Settlement Agreement.

The Settlement Agreement definition of PPH requires specific findings and medical records demonstrating by particular results that certain medical conditions have been excluded. *Id.* at § I.46.a(1) and (2). Further, the Settlement Agreement definition of PPH requires that a Board-Certified Cardiologist or Board-Certified Pulmonologist have ruled out alternative conditions known to cause PPH. *Id.* at § I.46.a(3).

# ARNOLD & PORTER

Thomas Y. Page, Esq.
Wilbur O. Colom, Esq.
March 4, 2003
Page 2

Pursuant to PTO 2383, the MDL Court has ordered that class members, such as these plaintiffs, who are filing suits allegedly based upon PPH, are required:

> upon written request of Wyeth ... to provide Wyeth ... with all medical evidence, including medical records and tests, that relate to a diagnosis that the Class Member has PPH as defined by the criteria set forth in Sections I.46 and I.53 of the Settlement Agreement. Such medical evidence shall be disclosed within thirty (30) days of a written request and must be accompanied by a certification stating that the information being produced to the requesting party is a *complete set of medical evidence upon which the Class Member is relying to establish PPH* as defined by Sections I.46 and I.53 of the Settlement Agreement.

See PTO 2383, ¶ 2 (emphasis added) (a copy of PTO 2383 is attached for your information).

Accordingly, within thirty (30) days of this letter, please submit the required medical evidence and accompanying certification with respect to any plaintiff in this case who is alleging PPH to this office. If such evidence and certification is not forthcoming, and in fact PPH in accordance with the Settlement definition is not being alleged, we would ask that you agree to the stipulation attached hereto.

Sincerely,

Anne M. Package

Enclosures

## CERTIFICATE OF SERVICE

I, Dorothy N. Giobbe, hereby certify that on the 3rd of April, 2003, I caused the foregoing **Joint Motion to Stay Proceedings and For Entry of Proposed Scheduling** to be served by first class mail upon:

Arnold Levin, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
(215) 592-1500
(215) 592-4663 (FAX)
**Co-Chair of Plaintiffs' Management Committee**

John J. Cummings, III, Esquire
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA 70130
(504) 586-0000
(504) 522-8423 (FAX)
**Co-Chair of Plaintiffs' Management Committee**

Stanley M. Chesley, Esquire
Jean M. Geoppinger, Esquire
Waite, Schneider, Bayless, Chesley Co., L.P.A.
1513 Central Trust Tower
One West Fourth Street
Cincinnati, OH 45202
(513) 621-0267
(513) 621-0262 (FAX)
**Co-Chair of Plaintiffs' Management Committee**

Ms. Deborah A. Hyland
Plaintiffs' Management Committee
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 629-3919
(215) 923-1153 (ALTERNATE NUMBER)
(215) 629-3998 (FAX)
(215) 923-3717 (ALTERNATE FAX)

Paul Kerrigan, Esquire
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8100 (General)
(215) 851-8248 (Direct Dial)
(215) 851-1420 (FAX)
Liaison Counsel for Fenfluramine/Dexfenfluramine Defendants

Edward W. Madeira, Jr., Esquire
Pepper Hamilton LLP
Bell Atlantic Building, 34th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 981-4000 (General)
(215) 981-4353 (Direct Dial)
(215) 981-4307 (FAX)
Liaison Counsel for Phentermine Manufacturers & Suppliers

NOTE: Pepper Hamilton Central Mailroom located at: 3000 Two Logan Square 18th & Arch Streets Philadelphia, PA 19103

Peter G. Resnick, Esquire
McDermott, Will & Emery
28 State Street, 34th Floor
Boston, MA 02109-1775
(617) 535-4000 (General)
(617) 535-4075 (Direct Dial)
(617) 535-3800 (FAX)
Co-Lead Counsel for Phentermine Defendants

Edward S. Weltman, Esquire
Goodwin Proctor LLP
599 Lexington Avenue, 30th Floor
New York, NY 10022
(212) 813-8800 (General)
(212) 355-3333 (Fax)
Co-Lead Counsel for Phentermine Defendants

_____
Dorothy N. Giobbe