IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1203 |
| SHEILA BROWN, *et al.* v. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION NO. 99-20593 |
| This document relates to: | |
| LINDA HARMON, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC. *et al.* | CIVIL ACTION NO. 02-20082 |
| DUWANDA ROBBINS, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.* | CIVIL ACTION NO. 02-20081 |
| JANICE BINION, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.* | CIVIL ACTION NO. 02-20119 |
| LILLIAN CHANDLER, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.* | CIVIL ACTION NO. 02-20120 |
| PATRICIA MOSLEY, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.* | CIVIL ACTION NO. 02-20122 |
| MARY F. SANDERS, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.* | CIVIL ACTION NO. 02-20121 |
| - and - | |
| BRENDA STALLINGS, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.* | CIVIL ACTION NO. 02-20118 |

**WYETH'S REPLY IN FURTHER SUPPORT OF ITS
SUPPLEMENTAL MOTION TO DISMISS CERTAIN PLAINTIFFS**

The Settlement Agreement is clear: plaintiffs who were not diagnosed by a Qualified Physician as FDA positive by an echocardiogram performed between commencement of diet drug use and the end of the screening period cannot sue as an intermediate opt out. *See* Settlement Agreement §§ IV.D.3, IV.D.4. None of the plaintiffs identified in Wyeth's

Supplemental Motion to Dismiss meet this criteria. Plaintiffs' attempts to avoid dismissal of their claims fail.

First, plaintiffs assert that, because they purport to exercise downstream opt out rights, they are not bound by the Settlement Agreement. Plaintiffs are wrong. Class members who exercise what are described as intermediate or back-end opt out rights do so under certain conditions and remain subject to the jurisdiction of the settlement Court. *See* Settlement Agreement §§ IV.D.3, IV.D.4; PTO 1414, ¶ 11; Memorandum and PTO 2654, at 2.

Second, plaintiffs incorrectly assert that Wyeth's challenges involve contested factual issues and are "based on complicated evidence and expert testimony such as the veracity of the Plaintiffs echocardiographic examinations." Pls. Mem. at 2-3. To the contrary, these challenges are based on the fact each plaintiff produced echocardiogram reports, prepared by his or her *own* diagnosing cardiologist, which reported that plaintiff is *not* FDA positive. Surely, plaintiffs are not asking for the opportunity to challenge the veracity of their *own* evidence and their *own* experts.

Finally, plaintiffs suggest that the Court should refrain from deciding this motion so that the motion can be decided by the local district court. Plaintiffs rely on PTO 2654, which involved a motion made by Wyeth in a case that was pending in state court. The Court left it to the state court to determine eligibility because the opt-out case was pending in state court and the Settlement Agreement stated that the issue was to be decided "in such lawsuit only." PTO 2654 at 3-4. That ruling is not applicable here because these cases are pending in the MDL.

In PTO 3376, the Court addressed the issue of an opt-out action transferred as part of the multidistrict litigation process. The Court found that, while the Settlement Agreement "allows for the transferee court to defer to the transferor court in appropriate circumstances [w]e will

- 3 -

continue to rule on matters of general applicability where consistency is necessary as we have done here." PTO 3376, at 6-7. The Court elected not to decide the motion in that case in part because there were "contested factual issues of a medical nature" which seemed "more fitting" for the transferor court to decide. *Id.* at 7. In this case, in sharp contrast, plaintiffs' ***own*** cardiologists reported that plaintiffs do ***not*** have FDA positive regurgitation. It would be unfair and defeat the purpose of the eligibility requirement to delay consideration of Wyeth's motion until the case is remanded to the local district court. Indeed, requiring Wyeth to conduct expensive discovery and prepare a case brought by plaintiffs who according to their ***own*** cardiologists are ineligible to sue, would render the eligibility requirement a nullity.

Respectfully submitted,

AMERICAN HOME PRODUCTS CORPORATION and
WYETH-AYERST PHARMACEUTICALS INC.

By: /s/Heather M.Aby
    WILLIAM M. GAGE, MSB #8691
    HEATHER M. ABY, MSB #100749

    THEIR ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, AmSouth Plaza
Post Office Box 22567
Jackson, Mississippi 39225-2567
(601) 948-5711

- 4 -

## CERTIFICATE OF SERVICE

I, HEATHER M. ABY, one of the attorneys for Wyeth do hereby certify that I have this day served a true and correct copy of the above and foregoing document by mailing same by Federal Express Overnight Delivery upon:

H. Gray Laird, III
PAGE, KRUGER & HOLLAND, P.A.
10 Canebrake Boulevard, Suite 200
Jackson, MS 39232

Wilbur O. Colom
THE COLOM LAW FIRM
406 Third Avenue North
Columbus, MS 39703

ATTORNEYS FOR PLAINTIFFS

SO CERTIFIED, this the 10th day of December, 2004.

/s/Heather M. Aby_____
HEATHER M. ABY

In the above-captioned case, and by first-class mail, postage prepaid, upon all other counsel required to be served by Pretrial Order No. 19 as follows:

Arnold Levin, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

CO-CHAIR -- PMC

John J. Cummings, III, Esquire
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA 70130

CO-CHAIR -- PMC

Stanley M. Chesley, Esquire
Waite, Schneider, Bayless, Chesley Co., P.A.
1513 Central Trust Tower
One West Fourth Street
Cincinnati, OH 45202

CO-CHAIR -- PMC

Ms. Deborah A. Hyland
Plaintiffs' Management Committee
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106

CO-CHAIR -- PMC

Michael T. Scott, Esquire
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301

LIAISON COUNSEL FOR FENFLURAMINE/DEXFENFLURAMINE DEFENDANTS

Edward W. Madeira, Jr., Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

LIAISON COUNSEL FOR PHENTERMINE DEFENDANTS

Edward S. Weltman, Esquire
Goodwin Proctor LLP
599 Lexington Avenue, 30th Floor
New York, NY 10022

CO-LEAD COUNSEL FOR PHENTERMINE DEFENDANTS

- 6 -

Peter L. Resnick, Esquire
McDermott, Will & Emery
28 State Street, 34th Floor
Boston, MA 02109-1775

CO-LEAD COUNSEL FOR PHENTERMINE DEFENDANTS

SO CERTIFIED, this the 10th day of December, 2004.

/s/Heather M. Aby_____
HEATHER M. ABY

JACKSON 990233v1